UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---

MICHAEL RECH,

                      Plaintiff,      **No. 6:17-cv-6418(MAT)**
                                                   **DECISION AND ORDER**
       -vs-

COUNTY OF MONROE, DANIEL STROLLO,
MONROE COUNTY SHERIFFS DEPARTMENT, LT.
FAY, SGT. DERUYTER, DEPUTY D. PHILLIP,
DEPUTY KEN WEBER, and DEPUTY GEORGE
WILCZAK,

                      Defendants.
---

## I. Introduction

Plaintiff Michael Rech, acting *pro se*, commenced the instant action in New York State Supreme Court, Monroe County ("Monroe County Supreme Court") on June 5, 2017. Plaintiff's complaint purports to bring claims against defendants pursuant to 42 U.S.C. § 1983, the New York State Constitution, and the common law. Plaintiff seeks to assert causes of action sounding in unlawful arrest, unlawful search and seizure, malicious prosecution, harassment, and intentional and negligent infliction of emotional distress.

On June 27, 2017, defendants filed a Notice of Removal seeking to remove the action from Monroe County Supreme Court to this Court under 28 U.S.C. § 1441. Plaintiff subsequently filed a motion to remand the matter to state court, alleging generally that (1) defendants failed to comply with the procedural requirements

for effecting removal from state court and (2) this Court lacks jurisdiction over the instant matter.  For the reasons discussed below, plaintiff's motion for remand is denied.

**II. Discussion**

    **A. Legal Standard**

"Title 28, United States Code, section 1441 sets forth the general federal statutory provision governing removals from state to federal court. It provides that a defendant may remove to federal court any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 309–10 (2d Cir. 2005) (internal quotation omitted).  A party seeking to remove an action from state court must "file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The notice of removal must be filed within 30 days "after receipt by or service on that defendant of the initial pleading or summons."  28 U.S.C. § 1446(b)(2)(B). Additionally, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties

and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Within 30 days of filing of the notice of removal, a plaintiff may file a motion to remand the case back to state court. 28 U.S.C. § 1447(c). Where such a motion is made, "the defendant bears the burden of demonstrating the propriety of removal." *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (internal quotation omitted).

**B. Defendants' Procedural Error does not Require Remand**

Plaintiff argues that remand back to state court in this matter is required because defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446. For the reasons discussed below, the Court disagrees.

Defendants were served with the summons and complaint in this matter on June 6, 2017, and filed their Notice of Removal with this Court on June 27, 2017, well within the 30 day statutory deadline. Also on June 27, 2017, defendants filed a Notice of Filing of Notice of Removal (the "Notice of Filing") in Monroe County Supreme Court. Defendants concede that they mistakenly failed to attach a copy of the Notice of Removal to the Notice of Filing.

Pursuant to 28 U.S.C. § 1446(d), defendants were required to file a copy of the Notice of Removal with the state court "promptly

after filing it in this Court. This case would be an easy one had defendants filed a copy of the Notice of Removal with the state court upon discovering their error. The removal statute gives no definition of "promptly," and courts in this Circuit "have held that delays of more than a month in either filing the notice of removal with the state court or providing plaintiffs with written notice do not necessarily require remand." *Ynoa v. Kutner*, 2011 WL 1796320, at *2 (S.D.N.Y. May 5, 2011) (collecting cases). For example, in *Manufacturers & Traders Tr. Co. v. Hartford Acc. & Indem. Co.*, 434 F. Supp. 1053 (W.D.N.Y. 1977), plaintiff did not file a copy of the Notice of Removal with the state court until 45 days after it was filed in federal court. *Id*. at 1055. This Court denied plaintiff's motion for remand, explaining that "the filing of a copy of the petition for removal is a procedural and ministerial act, failure of which does not defeat the federal court's jurisdiction," and that "the word 'promptly' has not been construed to mean simultaneously." *Id*. In this case, however, the issue is not a lengthy delay in filing the Notice of Removal - the issue is that a copy of the Notice of Removal was never filed with the state court at all. Accordingly, the Court must consider the more difficult question of whether the failure to comply with one of the requirements of 28 U.S.C. § 1446 necessitates remand.

"[G]enerally speaking, the requirements of [28 U.S.C. § 1446] must be complied with before removal is effective. In specifying

these conditions, [the Court] must presume that Congress intended to require compliance." *Id.* (internal quotation omitted). However, the Second Circuit has acknowledged that "the reason for filing the petition for removal with the clerk of the state . . . is to inform the state [] judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not. There can be no other purpose for this requirement." *U. S. ex rel. Echevarria v. Silberglitt*, 441 F.2d 225, 227 (2d Cir. 1971) (internal quotation omitted). Accordingly, at least one circuit court has concluded that constructive notice to the state court is sufficient to satisfy the requirements of 28 U.S.C. § 1446. *See Medrano v. State of Tex.*, 580 F.2d 803, 804 (5th Cir. 1978) ("even constructive notice" under 28 U.S.C. § 1446 is "sufficient to deprive the state court of jurisdiction"); *cf. Gomes v. ANGOP, Angola Press Agency*, 2012 WL 3637453, at *6 (E.D.N.Y. Aug. 22, 2012), *aff'd sub nom. Gomes v. ANGOP*, 541 F. App'x 141 (2d Cir. 2013) (finding the requirements of 28 U.S.C. § 1446 met where defendants served the notice of removal on the wrong address but plaintiff received constructive notice within days of its filing).

Here, as defendants note, Monroe County Supreme Court was plainly put on constructive notice by the Notice of Filing that this action had been removed to federal court. Accordingly, the essential purpose of 28 U.S.C. § 1446 (d) was fulfilled, and remand

is not required. *See Manufacturers & Traders Tr. Co.*, 434 F. Supp. at 1055 ("while defendant's admitted negligence in complying with the statute cannot readily be excused, it should not stand as a bar to further proceedings"). In particular, the fact that plaintiff was promptly served with a copy of the Notice of Removal persuades the Court that no prejudice has occurred. *See id.* ("The prompt notice of filing given to the plaintiff operates as a saving factor in this instance.") (internal quotation omitted).

However, in the interest of ensuring clarity for the state court, defendants are instructed to file an amended notice of filing of notice of removal, properly attaching a copy of the Notice of Removal, with the Monroe County Supreme Court within five days of entry of this Decision and Order.

**C. The Court has Jurisdiction over this Case**

Plaintiff has also argued that the Court lacks jurisdiction over this matter. This argument is plainly without merit.

Plaintiff's complaint states that the claims therein are predicated, in part, on 42 U.S.C. § 1983, a federal statute. Plaintiff's complaint also expressly alleges that his constitutional right to be free from unreasonable searches and seizures was violated by defendants. This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court therefore indisputably has original jurisdiction

over plaintiff's claims premised on § 1983 and/or the Constitution. The Court also has supplemental jurisdiction over plaintiff's related state law claims. 28 U.S.C. § 1367(a). Defendants have therefore met their burden of showing that removal was proper.

## III. Conclusion

For the foregoing reasons, plaintiff's motion for remand (Docket No. 4) is denied. Defendants are instructed to file an amended notice of filing of notice of removal, properly attaching a copy of the Notice of Removal, with the Monroe County Supreme Court within five days of entry of this Decision and Order.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   October 3, 2017
         Rochester, New York.