UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL RECH,

                Plaintiff,      **No. 6:17-cv-6418(MAT)**
                                                         **DECISION AND ORDER**
        -vs-

COUNTY OF MONROE, DANIEL STROLLO,
MONROE COUNTY SHERIFFS DEPARTMENT, LT.
FAY, SGT. DERUYTER, DEPUTY D. PHILLIP,
DEPUTY KEN WEBER, and DEPUTY GEORGE
WILCZAK,

                Defendants.

---

## I. Introduction

Plaintiff Michael Rech, acting *pro se*, commenced the instant action in New York State Supreme Court, Monroe County ("Monroe County Supreme Court") on June 5, 2017. Plaintiff's complaint purports to bring claims against defendants pursuant to 42 U.S.C. § 1983, the New York State Constitution, and the common law. Plaintiff seeks to assert causes of action alleging unlawful arrest, unlawful search and seizure, malicious prosecution, harassment, and intentional and negligent infliction of emotional distress.

On June 27, 2017, defendants filed a Notice of Removal seeking to remove the action from Monroe County Supreme Court to this Court under 28 U.S.C. § 1441. Plaintiff subsequently filed a motion to remand the matter to state court, which the Court denied by Decision and Ordered dated October 3, 2017.

-1-

On November 11, 2017, plaintiff filed a notice of interlocutory appeal regarding this Court's order denying his motion for remand. Plaintiff concurrently filed a motion in which he seeks (1) *in forma pauperis* status with respect to his appeal; (2) permission to file a late notice of appeal; (3) reconsideration of the Court's prior order denying his motion for remand; and (4) permission to file electronically. For the reasons discussed below, the Court denies plaintiff's motion in its entirety.

**II. Discussion**

    **A.    Motion to Proceed *In Forma Pauperis***

Plaintiff asks this Court to grant him permission to proceed *in forma pauperis* with respect to his interlocutory appeal. A party seeking permission to proceed *in forma pauperis* bears the burden of demonstrating that he is indigent. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). In this case, plaintiff has submitted no information whatsoever regarding his financial status to the Court in connection with his motion for *in forma pauperis* status. Accordingly, the Court has no grounds on which it could possible find that he has met his burden of establishing indigence. The Court therefore denies plaintiff's motion for permission to proceed *in forma pauperis*.

    **B.    Request to File a Late Notice of Appeal**

Plaintiff has also requested permission to file a late notice of appeal. The Court's Decision and Order denying plaintiff's motion for remand was filed on October 3, 2017. Pursuant to Federal Rule of Civil Procedure 4(a)(1)(A), a notice of appeal must

be filed with the district clerk within 30 days after entry of the judgment or order appealed from - in this case, no later than November 2, 2017. Plaintiff's notice of appeal was received by the Clerk's Office on November 1, 2017, within that deadline. Accordingly, plaintiff's request to file a late notice of appeal is denied as moot.

**C.    Request for Reconsideration**

Plaintiff has also asked the Court to revisit its prior decision denying his motion to remand this case to state court. In support of this request, plaintiff argues that (1) he is being prejudiced by having to proceed in federal court, because he is not permitted to file and receive documents electronically and (2) defendants failed to comply with the Court's direction that they file an amended notice of filing of notice of removal with the Monroe County Supreme Court no later than October 8, 2017.

Plaintiff's arguments are without merit. Plaintiff has offered no plausible argument that being required to file and receive documents manually, rather than electronically, is causing him prejudice. Countless litigants, in this Court and others across the county, participate in manual filing every day, and it does not impede their ability to effectively prosecute their litigation.

Regarding plaintiff's contention that defendants failed to comply with this Court's order, a review of the state court docket in this matter shows that defendants did indeed file an amended

-3-

notice of filing a notice of removal on October 6, 2017. Plaintiff's argument is therefore without factual basis.

In short, plaintiff has failed to identify any facts that would warrant revisiting the Court's prior determination that remand to state court is not warranted. Accordingly, his request is denied.

**D. Request for Permission to File Electronically**

Plaintiff's final request is that he be permitted to file electronically in this case. Pursuant to this District's Administrative Procedures Guide for Electronic Filing (the "Procedures Guide"), a judge may, in his discretion, "grant a pro se litigant [who] demonstrates a willingness and capability to file documents electronically, permission to register to do so." Procedures Guide at 3. In this case, based on plaintiff's conduct to date, the Court is not persuaded that plaintiff has demonstrated a capability to appropriately use the electronic filing system. The Court therefore declines to exercise its discretion to permit plaintiff to register for electronic filing at this time.

**III. Conclusion**

For the foregoing reasons, plaintiff's motion (Docket No. 13) is denied in its entirety.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: December 14, 2017
Rochester, New York.