UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL RECH,

                             Plaintiff,

        v.

MONROE COUNTY, et al.,

                             Defendants.
_____

DECISION & ORDER

17-CV-6418T

Pending before this Court are two discovery motions: the first, a motion filed by *pro se* plaintiff for an order sanctioning defendants and compelling them to answer Interrogatories 5 and 5.1 of Plaintiff's First Set of Interrogatories dated December 14, 2018 (Docket # 65); the second, a motion filed by defendants for an order compelling plaintiff to produce transcripts of various court proceedings and to answer certain questions he refused to answer at his deposition, and extending the discovery deadlines (Docket # 67). For the reasons explained more fully below, both motions are granted in part and denied in part.

### **Plaintiff's Motion to Compel and for Sanctions**

Turning first to plaintiff's motion, Interrogatories 5 and 5.1 ask:

> 5. All defendants – did you or any one in your department contact an attorney prior to arriving at the plaintiff's home on March 15, 2016, for advisement in regards how to handle that specific situation?
>
> 5.1. If yes, when (date and time)? Where? Name of Attorney?

(Docket # 65 at 11). Defendants refused to answer the interrogatories on the grounds that the information sought was protected from disclosure by the attorney-client privilege. (*Id.* at 20).

During a court-ordered conferral meeting on April 25, 2019, counsel for defendants stated that she would consider identifying the name of any attorney consulted. (*See* Docket # 71 at ¶ 7). The following day, however, she advised plaintiff that defendants "have declined to respond to Interrogatories 5 and 5.1." (Docket # 71-1 at 1). Counsel's Declaration opposing plaintiff's pending motion asserts attorney-client privilege as the basis for defendants' continued refusal to answer the interrogatories. (Docket # 71 at ¶¶ 4-5, 7).

As plaintiff correctly observes, his motion papers do not seek information about the content of any attorney-client communications, which would be privileged from disclosure. (Docket # 65 at 6). Rather, he seeks to determine *whether* defendants consulted with an attorney before arriving at his home on March 15, 2016 (an encounter that led to his arrest) and, if so, the name of the attorney and the time and place of consultation. Unlike the content of any communications with counsel, the specific and limited information plaintiff seeks is not protected from disclosure under the attorney-client privilege. *See*, *e.g.*, *In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 783 (S.D.N.Y. 2010) ("the party seeking disclosure [of information concerning allegedly privileged attorney-client communications] nevertheless is entitled to discover the dates and places of and the identities of the participants in the communications"); *Renner v. Chase Manhattan Bank*, 2001 WL 1356192, *1 (S.D.N.Y. 2001) ("the date on which a privileged communication took place and the identity of the persons who participated in a meeting . . . are not generally regarded as privileged [under the attorney-client privilege]") (internal quotation omitted). **Accordingly, defendants are directed to respond to Interrogatories 5 and 5.1 within thirty (30) days from the date of this Order.** Their answers shall not be deemed to waive the attorney-client privilege.

Plaintiff's application for sanctions is denied. In this regard, it is noteworthy that plaintiff himself asserted privilege in refusing to answer a deposition question as to the identity of his attorney during his custody proceedings. (*See* Docket # 67-1, Exhibit F (Transcript of Oral Examination of Michael Rech on June 17, 2019) (hereinafter referred to as "Tr.")) at 15). Moreover, the record shows that the April 25 conferral meeting resulted in an agreement that defendants would provide supplemental discovery in response to plaintiff's First Set of Interrogatories and additional discovery in response to supplemental discovery requests to be served by plaintiff. (*See* Docket # 71-1 at 1). Such discovery has apparently been provided by defendants (Docket # 65 at 28-31), and plaintiff has not raised any issues with respect to the adequacy of those responses.

**Defendants' Motion to Compel and to Extend Discovery Deadlines**

Turning next to defendants' motion, defendants seek an order compelling plaintiff to provide (1) copies of certain transcripts of court proceedings; and, (2) answers to questions he refused to answer at his deposition. (Docket # 67-1 at ¶¶ 9-11, 12-18). Defendants further request a stay or extension of the scheduling order deadlines to permit them to obtain the discovery sought through their motion. (*Id.* at 3-4). Plaintiff opposes defendants' motion on the grounds that they did not satisfy the meet-and-confer requirement of Rule 37(a)(1) of the Federal Rules of Civil Procedure before filing their motion to compel. (Docket # 69 at 4-5).

As the parties well know, applicable rules of procedure require them to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention

before filing a motion to compel.[1] Fed. R. Civ. P. 37(a)(1). To verify that the requirement has been satisfied, Rule 37(a)(1) obligates a party filing a motion to compel to "include a certification" that the movant has in good faith conferred or attempted to confer with the opposing party or counsel. Fed. R. Civ. P. 37(a)(1). Defendants' moving papers do not contain the required certification.

Counsel's letter to plaintiff dated April 26, 2019, makes clear that during their conferral they discussed the issue of production of transcripts from plaintiff's criminal trial and matrimonial action. (Docket # 71-1 at 2). According to the letter, plaintiff represented that he did not have copies of the transcripts. Subsequent to the meeting, counsel evidently recognized or determined that plaintiff had the ability to apply for an unsealing order to obtain the transcripts. Significantly, the letter does not ask or demand plaintiff to take such action; in addition, nothing in the record reflects that counsel conferred further with plaintiff after the April 25 meeting about a court order or the position implicit in defendants' pending motion that plaintiff is required to obtain such an order. (*Id.*). In addition, plaintiff's response papers indicate that he provided counsel with a CD-R disk on June 14, 2019, containing copies of transcripts. (Docket # 69 at ¶ 11). The Court's copy of the disk provided by plaintiff contains copies of certain transcripts; whether those transcripts are any or all of the ones in dispute is unclear to this Court. **The parties are directed to confer on this issue by no later than December 23, 2019, and advise the Court in writing as to the results of their conferral.**[2]

---

[1] Indeed, this Court denied a previous motion to compel filed by defendants because they had not complied with this requirement. (Docket # 55). The parties were ordered to meet and confer in the presence of court staff. (*Id.*).

[2] Plaintiff is reminded that his disclosure obligations extend to documents within his possession, custody or control to produce. *See, e.g., M.L.C., Inc. v. North American Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y. 1986) ("[d]ocuments need not be in a party's possession to be discoverable; they need only be in the party's custody or control[;] [c]ontrol includes the legal right of the producing party to obtain documents from another source upon demand") (citations omitted). He is also reminded that he may be precluded from offering or relying on those

4

Defendants also seek an order compelling plaintiff to respond to the questions that he refused to answer at his deposition. Those questions are identified on pages 232-33 of the deposition transcript. (*See* Docket # 67-1 at ¶ 14). The questions pertain to three general subject matters: (1) any instances prior to the arrest that is a subject of this lawsuit in which plaintiff was arrested, handcuffed, and/or held in custody; (2) the pistol permit at issue in this litigation and any other pistol permits plaintiff had, as well as whether plaintiff retained possession or custody of the firearms subject to the permit(s) during the period relevant to this litigation; and, (3) his custody proceedings. (*Id.* at ¶¶ 14-18). Although plaintiff objected to the questions on the grounds that they sought "privileged" information, the transcript reveals that the true basis for his refusal to answer was his contention that the questions were not relevant to this lawsuit. *See*, *e.g.*, Tr. 18 ("I object. [Questions regarding custody disputes are] not probative. . . . You're asking about things that are unrelated to the lawsuit."); Tr. 145 ("I'm not going to mention the name [of the individual who posted bail when plaintiff was in custody] at this point. It's irrelevant."); Tr. 200-201 ("Not going to answer [whether there was a permit from another state.] . . . [I]t's irrelevant.").

A relevance objection is not a proper basis for refusing to answer deposition questions. *Mirlis v. Greer*, 249 F. Supp. 3d 611, 614 n.8 (D. Conn. 2017) (citing 7 Moore's Federal Practice, 30-88 (3d ed. 2016)); *Balk v. New York Inst. of Tech.*, 2012 WL 5866233, *2 (E.D.N.Y. 2012) ("irrelevance is not a valid basis for refusing to answer a question during a deposition[;] . . . since [the witness's] objection was not based on privilege or any other permitted grounds, he had no legal basis to refuse to answer the questions posed"). Rather, Rule

---

transcripts at trial if he does not provide them to defendants' counsel. *See* Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless").

30 of the Federal Rules of Civil Procedure provides that a deponent may interpose objections on the record, but may not refuse to answer a question unless it is "to preserve a privilege, to enforce a limitation ordered by the Court, or present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). None of the questions at issue save one implicate the permitted bases for not answering. *See*, *e.g.*, *Condit v. Dunne*, 225 F.R.D. 100, 107 (S.D.N.Y. 2004) ("New York Courts do not recognize a privilege which would protect plaintiff from giving deposition testimony infringing on his right to privacy"); *McDonald v. Head Criminal Court Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987) (sanctions imposed for failure to answer deposition questions "about [plaintiff's] arrest record for which there was no remotely colorable claim of privilege"), *aff'd*, 850 F.2d 121 (2d Cir. 1988). The one exception is the question, "Did your attorney tell you that Monroe County Sheriff's deputies might be coming to your residence on that day to check on the welfare of your son?" (Tr. 117-18). As that question seeks privileged information about the substance of communications between plaintiff and his attorney, plaintiff was entitled to refuse to answer it.[3] He was not justified in refusing to answer the other questions.

With respect to the conferral obligations of Rule 37 in this context, this Court will exercise its discretion to waive the requirement of any further conferral. *See*, *e.g.*, *Elhannon LLC v. F.A. Bartlett Tree Expert Co.*, 2017 WL 1382024, *9 (D. Vt. 2017) ("district courts maintain discretion to waive the meet-and-confer requirement") (citations omitted); *accord Woodward v. Holtzman*, 2018 WL 5112406, *2 (W.D.N.Y. 2018). Review of the deposition transcript persuades me that defendants' counsel explained the general purpose of the subject areas of the questions in dispute (*see*, *e.g.*, Tr. 19-20, 145, 201), and plaintiff persisted in his position that he

---

[3] For the same reasons that this Order requires defendants to identify any attorney with whom they consulted prior to arriving at plaintiff's residence on March 15, 2016, plaintiff must identify his attorney in the custody proceedings.

was entitled to refuse to answer. Further efforts to resolve or narrow the dispute without judicial involvement would likely be futile as the main disagreement centers on whether plaintiff has the right not to answer questions he deems irrelevant. As stated, relevance is not a basis to refuse to answer deposition questions.

Accordingly, plaintiff must make himself available to answer the questions on pages 232-33 (with the exception of the question that would elicit attorney-client privileged information) and appropriate follow-up questions. **The parties are directed to agree on a mutually-convenient date and time within the next thirty (30) days to complete the deposition and to advise the Court in writing of the arrangements by no later than December 23, 2019.**

Finally, defendants' motion to extend the scheduling order deadlines is granted. **The parties shall confer and jointly propose to this Court by no later than December 23, 2019, an amended scheduling order providing deadlines for completion of fact discovery, expert identification, disclosure and discovery, and dispositive motions.**
**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 12, 2019