UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL RECH,

                                Plaintiff,

        v.

MONROE COUNTY, et al.,

                                Defendants.
_____

DECISION & ORDER and
REPORT & RECOMMENDATION

17-CV-6418FPG

On June 5, 2017, *pro se* plaintiff Michael Rech ("Rech") filed a complaint against defendants the County of Monroe, Daniel Strollo, the Monroe County Sheriff's Office, and several of its employees, including Lieutenant Fay, Sergeant Deruyter, Deputy D. Philipp, Deputy Ken Weber, and Deputy George Wilczak (collectively, "defendants"), alleging claims pursuant to 42 U.S.C. § 1983 and New York state law, arising out of, *inter alia*, his arrest on March 15, 2016, and related criminal proceedings. (Docket ## 1, 31).

Currently pending before this Court is a motion filed by Rech seeking various forms of relief. (Docket # 77). First, Rech seeks leave to amend his complaint to add as defendants Michele Crain ("Crain"), the attorney of record for defendants in this matter, and Christyn Musso ("Musso"). (*Id.* at ¶ 1). Next, Rech seeks an order disqualifying Crain from representing defendants in the pending action and imposing sanctions against her and the named defendants. (*Id.* at ¶¶ 3-6). Finally, Rech seeks to compel defendants to respond to his third request for production of documents. (*Id.* at ¶ 2). For the reasons explained more fully below, I recommend that the district court deny Rech's applications for permission to amend his complaint and for an order of disqualification and sanctions, and I deny his motion to compel.

## REPORT & RECOMMENDATION

### Motions to Amend and Disqualify

Rech's complaint relates to his March 15, 2016 arrest at his residence and his subsequent criminal prosecution, among other events. (Docket # 31). According to Rech, on that date, members of the Monroe County Sheriff's Office arrived at his residence to serve an order that had been issued by a New York State Supreme Court Judge. (*Id.* at ¶¶ 8-9). Rech maintains that the deputies unlawfully entered his home, arrested him, searched the premises, and seized the keys to his vehicle and home. (*Id.* at ¶¶ 10-18). Rech was charged with obstruction, resisting arrest, and harassment. (*Id.* at ¶ 7). Rech represents that the criminal prosecution was subsequently dismissed based upon the court's determination that the deputies' conduct on March 15, 2016 violated his Fourth Amendment rights. (*Id.* at ¶ 24).

Rech seeks leave to amend the complaint in this action in order to name Crain and Musso as defendants. (Docket # 77 at ¶ 1). Rech asserts that Crain was "directly involved and influenced the actions leading up to and including" his March 2016 arrest. (*Id.* at ¶ 3). Rech bases this assertion upon defendants' discovery responses disclosing that (1) Philip Gombatto, Civil Bureau Chief for the Monroe County Sheriff's Office, discussed the Supreme Court order with the Sheriff's counsel before "acting on" the order and (2) Musso and Crain were counsel for the Sheriff at the time of the consultation.[1] (Docket # 77-1 at 8). The disclosures further

---

[1] The specific requests and responses were as follows:

> 5. All defendants – did you or any one in your department contact an attorney prior to arriving at the plaintiff's home on March 15, 2016, for advisement in regards how to handle that specific situation?
>
> **Response: The Monroe County Sheriff's Office discussed the matter with Sheriff's Counsel before acting on Judge Owen's Order. Civil Bureau Chief, Philp Gombatto consulted with Counsel. None of the named defendants attended.**

represented that none of the defendants attended the meeting with counsel. (*Id.*). Rech also seeks to disqualify Crain as counsel for defendants and requests sanctions for her alleged misconduct in representing defendants. (Docket # 77 at ¶¶ 3-6).

Defendants oppose the motion on several grounds. (Docket # 80). First, they contend that Rech has failed to state a claim against either Musso or Crain because he has not alleged that they were personally involved in the events underlying Rech's claims. (*Id.* at ¶¶ 9, 11). Additionally, they maintain that any claim against Musso or Crain would be time-barred. (*Id.* at ¶ 10). With respect to Rech's disqualification motion, defendants represent that Crain was not present for any of the events at issue in this matter and does not constitute a fact witness. (*Id.* at ¶ 9). They also argue that Rech lacks standing to seek disqualification based upon an alleged conflict of interest. (*Id.* at ¶ 12).

As an initial matter, Rech's motion fails to comply with Rule 15(a) of the Local Rules of Civil Procedure, which requires that a movant seeking to amend or supplement a pleading "attach an unsigned copy of the proposed amended pleading as an exhibit to the motion." Rule 15(a) of the Local Rules of Civil Procedure for the Western District of New York. Although the failure to attach a proposed amended complaint is not necessarily fatal to a motion seeking leave to amend, where the motion fails to "adequately explain the basis for, and nature of, the proposed amendment," *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009), the Court may deny leave to amend on the grounds that it is unable "to evaluate the propriety of granting leave." *Gully v. Dzurenda*, 264 F.R.D. 34 (D. Conn. 2010).

---

5.1. If yes, when (date and time)? Where? Name of Attorney?

**Response: March 15, 2016 at the Monroe County Sheriff's Office, Civil Bureau. On that date, Sheriff's Counsel were [Musso] and [Crain].**

Even construing Rech's motion liberally given his *pro se* status, I conclude that he has failed to state a claim against either Musso or Crain and that his request for leave to amend his complaint to add them as defendants would therefore be futile. Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a).[2] If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs.*

---

[2] Defendants have not challenged Rech's motion as untimely under Rule 16 of the Federal Rules of Civil Procedure.

*Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Fed. R. Civ. P. 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Twombly* "plausibility standard" applies to complaints brought by *pro se* plaintiffs, as well as by represented parties. *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). That said, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. at 94 (internal citation omitted), although it still must comply with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011 WL 4478921, *6 (N.D.N.Y. 2011). "A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to [his] lack of legal training." *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003). Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

In this case, Rech has asserted claims for unlawful search and seizure, false arrest, and malicious prosecution. (Docket # 31). His motion seeking leave to assert those claims against Crain and Musso fails to allege that they had any personal involvement in any searches or seizures of his property, his arrest, or his subsequent prosecution. Nowhere does Rech allege that either Crain or Musso were personally involved in any of the conduct that occurred at his residence or were even present there. At best, he has alleged that before the deputies went to Rech's residence to serve him with the court order, Crain and Musso discussed the order with the Chief of the Monroe County Sheriff's Office Civil Bureau in a meeting that the deputies did not attend. I find that these allegations are insufficient to state a claim against Crain and Musso. *See Dowtin v. O'Neil*, 416 F. Supp. 3d 159, 162 (E.D.N.Y. 2017) ("[p]laintiff has not pleaded any facts to demonstrate that . . . [the district attorney was] personally involved in any of the violations alleged in the complaint"); *Ogunkoya v. Cty. of Monroe*, 2017 WL 6419146, *7 (E.D.N.Y.) ("plaintiff fails to allege that the [district attorney or the assistant district attorney] were personally involved in plaintiff's arrest[,] nor has he included in his pleadings any facts that would give rise to an inference of direct involvement") (quotations and brackets omitted), *report and recommendation adopted by*, 2017 WL 11380063 (E.D.N.Y. 2017), *rev'd in part on other grounds and appeal dismissed in part*, 913 F.3d 64 (2d Cir. 2019); *Nunez v. City of New York*, 2016 WL 1322448, *6 (S.D.N.Y. 2016) (allegations that the assistant district attorney interviewed a witness and examined the witness before a grand jury were insufficient to allege personal involvement in plaintiff's arrest; the complaint "fails to plead any facts suggesting that [the attorney] was personally involved in the decision to arrest [p]laintiff or to detain him pre-arraignment"), *aff'd*, 735 F. App'x 756 (2d Cir. 2018); *Toliver v. City of New York*, 2011 WL 4964665, *8 (S.D.N.Y. 2011) ("[plaintiff] has not alleged any facts to show that [the assistant

6

district attorney] or her supervisors were personally involved in [plaintiff's arrest]"); *Rodriguez v. City of New York*, 649 F. Supp. 2d 301, 306 (S.D.N.Y. 2009) (plaintiff's allegations that the assistant district attorney contacted the judge who issued the warrant were insufficient to allege personal involvement; "[p]laintiff makes no allegations that the call took place prior to the arrest, that any information acquired during the call was conveyed to the defendant police officers prior to the arrest, or that, as a result of the call, [the assistant district attorney] ordered the defendant officers to arrest the plaintiff"). On the allegations proffered by Rech, I recommend that the district court deny his request for leave to amend his complaint.

I also find that Rech's motion to disqualify Crain and impose sanctions should likewise be denied. Disqualification of counsel is generally disfavored, and the moving party must satisfy "a high standard of proof" to demonstrate that disqualification is justified. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir.1983); *Wieme v. Eastman Kodak Co.*, 2004 WL 2271402, *1 (W.D.N.Y. 2004). Careful scrutiny of disqualification motions is warranted because "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and [because] disqualification motions are often interposed for tactical reasons." *Board of Educ. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979); *Wieme v. Eastman Kodak Co.*, 2004 WL 2271402 at *2. Despite this high standard, doubts should be resolved in favor of disqualification. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Wieme*, 2004 WL 2271402 at *2.

"[C]ourts are particularly reluctant to disqualify an attorney on the basis of the 'lawyer as witness' rule, and subject such a motion to fairly strict scrutiny." *Universal Safety Response, Inc. v. Secure USA, Inc.*, 2010 WL 11595035, *2 (S.D.N.Y. 2010) (quotations omitted). "Where it is unclear whether an attorney's testimony will be necessary, a motion to

disqualify should be dismissed, unless there is a showing of clear prejudice to the moving party." *Id.* (quotations omitted). Accordingly, "[o]n a motion to disqualify based on the witness-advocate rule, where the moving party intends to call an adversary's attorney, the movant must demonstrate both that the lawyer's testimony is 'necessary' and that there exists a substantial likelihood that the testimony would be prejudicial to the witness-advocate's client." *Acker v. Wilger*, 2013 WL 1285435, *1 (S.D.N.Y. 2013) (quotations omitted). Here, I find that Rech's conclusory assertion that Crain should be disqualified as a necessary fact witness by virtue of her participation in a meeting to discuss the court order with a non-party member of the Sheriff's Office, where that meeting was not attended by any of the named defendants who later served the order and arrested Rech, is insufficient to satisfy his burden of demonstrating that disqualification is justified.[3]  *See Jews for Jesus, Inc. v. Town of Oyster Bay*, 2010 WL 256670, *3 (E.D.N.Y. 2010) ("[movants] have not shown th[e] significance of [the attorney's] testimony, or that any such testimony cannot be related by a different witness[;] [t]hus, upon consideration of the stringent standards required to disqualify a party's chosen counsel, and the facts in this matter, the court holds that disqualification is not necessary at this time"). Accordingly, I recommend that Rech's request for disqualification and related sanctions be denied.

---

[3] In reaching this conclusion, I rely upon my understanding that defendants have not asserted that they relied upon Crain's advice as a defense to Rech's claims (*see* Docket # 32).

## DECISION & ORDER

### Motion to Compel

Turning finally to Rech's motion to compel, he seeks an order compelling defendants to respond to his Third Notice to Produce dated December 26, 2019. (Docket # 77 at ¶ 2). Defendants concede that they inadvertently failed to timely respond to the request, but oppose the motion on the grounds that Rech failed to satisfy the meet-and-confer requirement of Fed. R. Civ. P. 37(a)(1). (Docket # 80 at ¶¶ 13-14). At the time they filed their opposition to his motion, defendants also represented that they intended to provide the outstanding responses by no later than February 25, 2020. (*Id.*).

As the parties well know, applicable rules of procedure require them to confer or attempt to confer in good faith to try to resolve discovery disputes without court intervention before filing a motion to compel.[4] Fed. R. Civ. P. 37(a)(1). To verify that the requirement has been satisfied, Rule 37(a)(1) obligates a party filing a motion to compel to "include a certification" that the movant has in good faith conferred or attempted to confer with the opposing party or counsel. Fed. R. Civ. P. 37(a)(1). Rech's moving papers do not contain the required certification. Indeed, he filed the pending motion the day after defendants' responses were due, assuming that he had served defendants with the requests on December 26, 2019 and that they were not entitled to an additional three days to respond under Fed. R. Civ. P. 6(d). Further, nothing in the record indicates that defendants failed to provide the outstanding responses by February 25, 2020, as they represented they would. On these facts, Rech's motion to compel and for associated sanctions is denied.

---

[4] Indeed, this Court previously denied motions to compel filed by defendants because they had not complied with this requirement. (Docket ## 55, 75).

## **CONCLUSION**

For the reasons stated above, I recommend that Rech's motion to amend and for disqualification and sanctions **(Docket # 77)** be **DENIED**. Further, I deny Rech's motion to compel **(Docket # 77)**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
　　　 July 24, 2020

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

   **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

   **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

   The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

   **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

   The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

   Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                  *s/Marian W. Payson*
                  MARIAN W. PAYSON
                United States Magistrate Judge

Dated: Rochester, New York
    July 24, 2020