UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL RECH,

                              Plaintiff,          Case # 17-CV-6418-FPG

v.                                                         DECISION AND ORDER

MONROE COUNTY, et al.,

                              Defendants.

On June 5, 2017, *pro se* Plaintiff Michael Rech filed a complaint alleging constitutional violations arising out of his March 15, 2016 arrest and related criminal proceedings, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff filed a motion for miscellaneous relief on January 27, 2020, requesting, among other things, leave to amend the complaint to add as defendants Michele Crain—the attorney of record for Defendants—and Christyn Musso, and to disqualify Crain from representing Defendants in the pending action. ECF No. 77. Magistrate Judge Payson issued a Report and Recommendation on July 24, 2020 (the "R&R"), recommending that the part of Plaintiff's motion seeking leave to amend, disqualification, and sanctions be denied. ECF No. 82.

No party filed objections to Magistrate Judge Payson's R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(2). When a party does not object to the R&R, as here, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors*, *LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted).  After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Since no objections were filed here, the Court is not required to conduct a *de novo* review of the R&R.  Furthermore, having reviewed the record and the R&R, the Court has not identified any plain error requiring correction.[1]  As Judge Payson correctly noted, Plaintiff fails to allege that Crain or Musso were personally involved in the constitutional violations of which he complains, rendering his allegations insufficient to state a claim against them.  Nor has Plaintiff demonstrated that disqualification or sanctions is justified.

Accordingly, the Court ADOPTS Judge Payson's Report and Recommendation, ECF No. 82, and DENIES Plaintiff's motion to amend and for disqualification and sanctions, ECF No. 77.

IT IS SO ORDERED.

Dated: August 25, 2020
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] In any event, even applying a *de novo* standard of review, this Court would reach the same conclusion.